IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN M. HERNANDEZ,  No. CIV S-05-1429-GEB-CMK-P

    Plaintiff,

  vs.  ORDER

D.L. RUNNELS,

    Defendant.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on July 15, 2005.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

1

1  means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d
2  1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the
3  complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it
4  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

## I.  BACKGROUND

Plaintiff names as the sole defendant to this action D.L. Runnels, the warden of High Desert State Prison.  Plaintiff asserts that High Desert State Prison is hindering his access to the courts with respect to a habeas corpus case.  The complaint seeks various forms of injunctive relief.

## II.  DISCUSSION

Plaintiff's complaint suffers from at least two defects.  First, the only named defendant holds a supervisory position, but the complaint fails to adequately allege a claim based on supervisory liability.  Second, the complaint does not set forth an adequate causal link between any named defendant and a constitutional deprivation.

### A.   **Supervisory Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  See id.   When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents,

673 F.2d 266, 268 (9th Cir. 1982).

Here, the complaint is devoid of any allegations of the specific involvement of defendant Runnels.

**B.     Causal Link**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268. Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Again, the complaint is devoid of any specific allegations as to defendant Runnels, the only named defendant.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if

1 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
2 plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be
3 complete in itself without reference to any prior pleading.  See id.

4       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
5 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
6 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
7 each named defendant is involved, and must set forth some affirmative link or connection
8 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
9 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

10       Finally, plaintiff is warned that failure to file an amended complaint within the
11 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
12 1260-61; see also Local Rule 11-110.

13       Accordingly, IT IS HEREBY ORDERED that:

14       1.    Plaintiff's complaint, filed on July 15, 2005, is dismissed with leave to
15 amend; and

16       2.    Plaintiff shall file a first amended complaint within 30 days of the date of
17 service of this order.

18

19 DATED:  October 27, 2005.

20

21                                           **CRAIG M. KELLISON**
22                                           UNITED STATES MAGISTRATE JUDGE

23

24

25

26