IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN M. HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>D.L. RUNNELS,<br><br>　　　　Defendant.<br>_____ / | No. CIV S-05-1429-GEB-CMK-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 9), filed on December 29, 2006.

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are
3  satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
4  upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff
5  must allege with at least some degree of particularity overt acts by specific defendants which
6  support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it
7  is impossible for the court to conduct the screening required by law when the allegations are
8  vague and conclusory.

9  Plaintiff names D.L. Runnels as the sole defendant and asserts a claim based on
10 denial of access to the courts.  Specifically, plaintiff alleges that he has repeatedly requested, via
11 the inmate grievance procedure, copies of memoranda regarding a prison lock-down.  Based on
12 documents attached to the amended complaint, it appears that plaintiff claims that these
13 documents are necessary for him to prepare a brief to the Ninth Circuit Court of Appeals.

14 Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey,
15 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d
16 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).
17 This right requires prison officials to "assist inmates in the preparation and filing of meaningful
18 legal papers by providing prisoners with adequate law libraries or adequate assistance from
19 persons trained in the law."  Bounds, 430 U.S. at 828.  The right, however, only requires that
20 prisoners have the capability of bringing challenges to sentences or conditions of confinement.
21 See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals,
22 habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of
23 access to the courts is only a right to present these kinds of claims to the court, and not a right to
24 discover claims or to litigate them effectively once filed.  See id. at 354-55.

25 As a jurisdictional requirement flowing from the standing doctrine, the prisoner
26 must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to

1  contemplated or existing litigation, such as the inability to meet a filing deadline or present a
2  claim.  See id.  Delays in providing legal materials or assistance which result in prejudice are
3  "not of constitutional significance" if the delay is reasonably related to legitimate penological
4  purposes.  Id. at 362.
5         The claim in this case is deficient for two reasons.  First, the right of access to the
6  courts is limited to the ability to present claims, not litigate them effectively once brought.  To
7  the extent plaintiff asserts that he is being thwarted from filing an appellate brief, the claim at
8  issue must have necessarily been presented.  Thus, at best, plaintiff is claiming an inability to
9  effectively litigate the claim on appeal.  Second, plaintiff has not alleged an actual injury.
10        Because it does not appear possible that the deficiencies identified herein can be
11 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
12 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
13        Based on the foregoing, the undersigned recommends that:
14        1.   The first amended complaint be dismissed; and
15        2.   The Clerk of the Court be directed to enter judgment and close this file.
16        These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
18 after being served with these findings and recommendations, any party may file written
19 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations."  Failure to file objections within the specified time may waive
21 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22 DATED:  May 25, 2006.

                                            _____
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE